UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Ya You,
and Fang Yuan Group, Inc

Plaintiffs,

v.

Zhongyuan Zang,
Xingliang Huang,
Xinyi Chen, and
Qiming Bing,

Defendants.

Case No.
1:23-cv-13177

**VERIFIED COMPLAINT**

NOW COME Plaintiffs in the above-entitled action and say as follows:

**PARTIES**

1. Plaintiff, Ya You ("Plaintiff You"), is a Chinese citizen.

2. Plaintiff Fang Yuan Group, Inc. ("Fang Yuan"), is a Massachusetts corporation d/b/a Cubist Circle Restaurant, with a principal place of business at 625 Washington Street, Weymouth, MA 02188. **See Exhibit A.**

3. Defendant, Zhongyuan Zang ("Defendant Zang"), is an individual with a business address of 625 Washington Street, Weymouth, MA 02188.

4. Defendant, Xingliang Huang ("Defendant Huang"), is an individual with a business address of 625 Washington Street, Weymouth, MA 02188.

5. Defendant, Xinyi Chen ("Defendant Chen"), is an individual with a business address of 625 Washington Street, Weymouth, MA 02188.

6. Defendant, Qiming Bing ("Defendant Bing"), is an individual with a business address of 625 Washington Street, Weymouth, MA 02188.

## JURISDICTION AND VENUE

7. This is a shareholder dispute involving Plaintiff You, a citizen of the People's Republic of China, and Plaintiff Fang Yuan, a corporation with contacts in the Commonwealth of Massachusetts, and the Defendants, all of whom maintain residence within the jurisdiction of Massachusetts as well. The amount in controversy in this action exceeds $75,000.00. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332.

8. This Court has personal jurisdiction over Defendants because of their systematic and continuous contacts with Massachusetts. For example, Defendants Zang, Huang, Chen, and Bing all have business addresses located in Massachusetts. They serve as registered agents for Fang Yuan at the principal office address. Defendants' actions that give rise to personal jurisdiction further include, but are not limited to making, using, selling, and offering for sale Asian-fusion cuisine at Cubist Circle restaurant in Weymouth, Massachusetts; deriving substantial revenue from operating Cubist Circle at two locations in Massachusetts; and expecting their business activities to have consequences in Massachusetts.

9. This Court is the proper venue for this case under, inter alia, 28 U.S.C. § 1391(b)(1).

10. Venue is also proper to all Defendants in this District under 28. U.S.C. § 1391(c)(2). All the Defendants have business addresses at 625 Washington Street, Weymouth, MA 02188.

## STATEMENT OF FACTS

11. Plaintiff You is a Chinese citizen and overseas shareholder of Fang Yuan Group, Inc.

12. Plaintiff You is a current 40.31% shareholder of Fang Yuan Group, Inc.

13. Defendant Zang is the current President, Treasurer, Secretary, Director, and 28.48% shareholder of Fang Yuan Group, Inc.

14. Defendant Huang is the current Director and 11.63% shareholder of Fang Yuan Group, Inc.

15. Defendant Chen is a current 3.58% shareholder of Fang Yuan Group, Inc.

16. Defendant Bing is a current 16% shareholder of Fang Yuan Group, Inc.

17. Defendant Zang works as the manager of Fang Yuan Group, Inc.

18. In or about 2018, Defendant Zang was working as a real estate agent and invested in a restaurant owned by Defendant Huang.

19. In or about 2018, Defendant Zang posted a message on WeChat Moments seeking additional investors for Defendant Huang's restaurant to which Plaintiff You responded.

20. Since 2018, Plaintiff You has individually invested $600,000.00 in Fang Yuan Group, all of which have been transferred to the company's Bank of America account. **See Exhibits B and C.**

21. Since 2018, Plaintiff You has invested, along with other shareholders, in the total amount of $1.29 million in Fang Yuan Group. **See Exhibit C.**

22. Fang Yuan Group, Inc. has a lease at 625 Washington Street, Weymouth, MA 02188. **See Exhibit D.**

23. Fang Yuan Group, Inc. had various construction expenses around 2018. **See Exhibit F.**

24. In or about the month following the restaurant's opening, Defendant Zang requested an additional $200,000.00 investment from Plaintiff You, to which Plaintiff You responded with an additional investment of $80,000.00.

25. From 2018 to 2020, Plaintiff You withdrew money from her Bank of America to invest in Fang Yuan Group. **See Exhibits G and H.**

26. In 2020, Fang Yuan Group, Inc. began to post a net profit toward the end of the year. **See Exhibit E.**

27. In or about December 2020, Defendant Zang again requested additional investment from Plaintiff You, but Plaintiff You declined.

28. Following Plaintiff You's refusal of further investment, Defendant Zang changed Fang Yuan Group's bank card password and unilaterally removed her as a shareholder.

29. On or since December 2020, Defendant Zang has denied Plaintiff You access to all corporate records, including, but not limited to, business records, dividend distributions, and pertinent business tax details.

30. On or around November 2022, Defendant Zang opened a second branch of Cubist Circle Restaurant, located at 220 Washington Street, Brookline, MA 02445.

31. Defendant Zang used the same menu, logo, and marketing campaign used for the Cubist Circle Restaurant (Weymouth) to open the Cubist Circle Restaurant (Brookline).

32. Cubist Circle Restaurant (Brookline) is registered under Z&L Restaurant, Inc., Defendant Zang's corporation.

33. Defendant Zang is the President, Treasurer, Secretary, and Director of Z&L Restaurant, Inc.

34. Defendant Zang named Huanping Li, head chef of Cubist Circle Restaurant (Weymouth), a director of Cubist Circle Restaurant (Brookline).

35. On August 25, 2023, a Notice of Shareholder Meeting for Fang Yuan Group, Inc. was sent to Defendants and Plaintiff You by and through Plaintiff You's Counsel, stating that

a shareholder meeting would convene on September 11, 2023, at 10:00 AM at the office of Plaintiff You's Counsel, located at 112 Water Street, 3rd Floor, Boston, MA 02109. **See Exhibit I.**

36. On August 28, 2023, a Demand for Financial Records was sent to Defendant Zang by Plaintiff You's Counsel, under M. G. L. Ch. 156 D. **See Exhibit J.**

37. On August 30, 2023, a Second and Final Notice of Shareholder Meeting was sent to Defendants and Plaintiff You by and through Plaintiff You's Counsel. **See Exhibit K.**

38. The Notices requested a response by September 4, 2023. Defendants did not respond to communications sent on August 25, 28, or 30.

39. On September 11, 2023, a Shareholder Meeting was held at 112 Water Street, 3rd Floor, Boston, MA 02109, at 10:00 AM, where none of the defendants attended the meeting, nor did they provide advance notice of their absence.

40. Defendants have failed to respond to a communication from Plaintiff You.

41. Defendant Zang has failed to allow Plaintiff You access to any relevant corporate documentation since or around December 2020.

### COUNT I
**(Court Ordered Inspection of Corporate Records Under Model Bus. Corp. Act § 16.04 and G.L. c. 156D, § 16.04)**

42. Plaintiffs repeat, reallege, and incorporate herein the allegations contained in the foregoing paragraphs as each was set forth here and in its entirety.

43. Plaintiff You gave written notice to Defendant Zang of her demand to inspect and copy the records of the corporation described in Model Bus. Corp. Act § 16.02(a).

44. Plaintiff You gave written notice to Defendant Zang of her demand to inspect and copy the records of the corporation described in Model Bus. Corp. Act § 16.02(b)(2).

45. Plaintiff You gave written notice to Defendant Zang of her demand to inspect and copy the records of the corporation described in G.L. c. 156D, § 16.01(e).

46. Plaintiff You gave written notice to Defendant Zang. of her demand to inspect and copy the records described in G.L. c. 156D, § 16.02(b).

47. Plaintiff You's demand was made in good faith and for a proper purpose.

48. Plaintiff You described with reasonable particularity her purpose and the records she desired to inspect.

49. The records are directly connected with Plaintiff You's stated purpose.

50. Plaintiff You was not allowed to inspect or copy the records.

51. Defendant Zang did not offer a substantive response to Plaintiff You's written demand, nor determine in good faith that disclosure of the records sought would adversely affect the corporation in the conduct of its business.

## COUNT II
## (Breach of Fiduciary Duty against Defendant Zang)

52. Plaintiffs repeat, reallege, and incorporate herein the allegations contained in the foregoing paragraphs as each was set forth here and in its entirety.

53. Fang Yuan is closely held due to the small number of shareholders.

54. Defendant Zang, director of Fang Yuan, owes fiduciary duties to the shareholders. *Chokel v. Genzyme Corp.*, 449 Mass. 272, 278 (2007).

55. Defendant Zang owes the duty of utmost good faith, fair dealing, care, and loyalty to Fang Yuan under Model Bus. Corp. Act §8.30.

56. Defendant Zang breached her fiduciary duties by effectively freezing Plaintiff You out of Fang Yuan by failing to distribute dividends, unilaterally removing Plaintiff You from her shareholder role, and refusing to provide information related to Fang Yuan.

57. Defendant breached her fiduciary duties by establishing a second branch of Cubist Circle Restaurant in Brookline using a separate entity for the same purpose, violating shareholders' reasonable expectation that their investments would be used to expand and strengthen the existing business.

58. Plaintiff You has been damaged and continues to be damaged by Defendant's actions.

## COUNT III
### (Interference with Contract Relations against Defendant Zang)

59. Plaintiffs repeat, reallege, and incorporate herein the allegations contained in the foregoing paragraphs as each was set forth here and in its entirety.

60. To prove a contract interference claim, the plaintiff must prove that: (1) the plaintiff had a contract with a third party; (2) the defendant knowingly interfered with that contract; (3) the defendant's interference, in addition to being intentional, was improper in motive or means; and (4) the plaintiff was harmed by the defendant's actions. *ITyX Sols., AG vs. Kodak Alaris Inc.*, D. Mass., No. 16-CV-10250-ADB (May 25, 2018).

61. The defendant's conduct is improper for a contract interference claim if the conduct involves a violation of a statute or common-law precept using threats, misrepresentation, or defamation, among other means, etc. *Huang v. RE/MAX Leading Edge, 101 Mass. App. Ct. 150, 164 (2022)*, review granted sub nom.

62. Defendant Zang improperly interfered with the contract between Plaintiff You and Fang Yuan Group, Inc. by knowingly shutting Plaintiff You out of Fang Yuan by failing to distribute dividends (leading to damages), unilaterally removing Plaintiff You from her shareholder role, and refusing to provide information related to Fang Yuan.

63. Plaintiff You has been damaged and continues to be damaged by Defendant Zang's actions.

## COUNT IV
### (Unjust Enrichment against Defendant Zang)

64. Plaintiffs repeat, reallege, and incorporate herein the allegations contained in the foregoing paragraphs as each was set forth here and in its entirety.

65. Under Massachusetts law, a plaintiff may recover for unjust enrichment upon a showing that 1) she conferred a benefit upon the defendant, 2) the defendant accepted that benefit and 3) the defendant's retention of the benefit would be inequitable without payment for its value. *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.,* 552 F.3d 47, 57 (1st Cir. 2009).

66. A claim of unjust enrichment can be brought against a fiduciary for breach of his fiduciary duty. *In re Healthco Int'l, Inc.*, 208 B.R. 288, 311 (Bankr. D. Mass. 1997).

67. Plaintiffs are entitled to recovery from Defendant Zang's unjust enrichment because Defendant Zang has improperly withheld the distribution of dividends to Plaintiff You, a breach of her fiduciary duties to Plaintiffs.

## COUNT V
### (Negligence against Defendant Zang)

68. Plaintiffs repeat, reallege, and incorporate herein the allegations contained in the foregoing paragraphs as each was set forth here and in its entirety.

69. To prove a negligence claim, the plaintiff must prove that: (1) a legal duty owed to the plaintiff by the defendant; (2) a breach of that duty by the defendant; (3) causation; and (4) actual loss by the plaintiff. *Delaney v. Reynolds*, 63 Mass. App. Ct. 239, 241

70. Defendant Zang owes a fiduciary duty to Plaintiff You. *Chokel v. Genzyme Corp.*, 449 Mass. 272, 278 (2007).

71. Defendant Zang owes the duty of utmost good faith, fair dealing, care, and loyalty to Plaintiff You under Model Bus. Corp. Act §8.30.

72. Defendant Zang breached her fiduciary duties to Plaintiff You by effectively freezing Plaintiff You out of Fang Yuan Group, Inc., by failing to distribute dividends, and refusing to provide financial records related to Fang Yuan Group, Inc.

73. Defendant Zang's breach of fiduciary duties caused Plaintiff You incomplete access to Fang Yuan Group, Inc.'s financial records and loss of dividends.

## COUNT VI
### (Accounting)

74. Plaintiffs repeat, reallege, and incorporate herein the allegations contained in the foregoing paragraphs as each was set forth here and in its entirety.

75. Plaintiff You is entitled to an accounting of all proceeds and assets of Fang Yuan from Defendants and requests that this Honorable Court order such an accounting.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant the following relief:

1. Enter Judgment in favor of Plaintiffs on Counts I-VI of this Complaint and award Plaintiffs monetary damages, interest, costs, and attorney's fees accordingly;

2. Under Model Bus. Corp. Act § 16.04, summarily order inspection and copying of the records demanded at the Defendants' expense, and also order the Defendants to pay Plaintiffs' costs, including reasonable counsel fees; and

3. Order that the Defendants provide to Plaintiffs an accounting for Fang Yuan for any funds that they receive;

4. Order that a constructive trust be imposed on the property of Fang Yuan in favor of the Plaintiffs; and

5. Order such other and further relief as this Court deems just and equitable.

6. The Plaintiffs reserve the right to file additional counts as added information emerges in discovery.

## DEMAND

Plaintiffs claim and demand a jury trial in any court in which this action is tried.

Dated: December 21, 2023.

Respectfully submitted,
Plaintiffs,
By and through Counsel,

/s/ Duo Liu
Duo Liu, Esq.
BBO #: 708809
/s/ Christopher P. Walsh
Christopher P. Walsh, Esq.
BBO #: 707843
Of Counsel
Blumsack and Canzano, P.C.
112 Water Street, 3rd Floor
Boston, MA 02109
lduo@mybostonlawfirm.com
(857) 990-9060

## VERIFICATION

I, Ya You, hereby declare under the pains and penalties of perjury that the factual allegations contained in this Verified Complaint are true and accurate to the best of my knowledge, information, and belief.

Dated: December 21, 2023

/s/ Ya You
Ya You

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ya You,<br>and Fang Yuan Group, Inc<br><br>                              Plaintiffs,<br>v.<br><br>Zhongyuan Zang,<br>Xingliang Huang,<br>Xinyi Chen, and<br>Qiming Bing,<br><br>                             Defendants. | Case No.<br>1:23-cv-13177 |

**Affidavit of Ya You**

I, Ya You, hereby depose and say the following under the pains and penalties of perjury,

1. My name is Ya You.
2. I make this affidavit under the pains and penalty of perjury.
3. I have personal knowledge of the facts stated herein.
4. Exhibit A is a true and correct copy of the Statement of Change of Supplemental Information for Fang Yuan Group, Inc., dated August 5, 2020.
5. Exhibit B is a true and correct copy of the Notice of Special Meeting of Shareholders from Fang Yuan Group, Inc., dated July 16, 2020.
6. Exhibit C is a true and correct copy of the Memorandum of Fang Yuan Group, Inc. From Secretary to Shareholders of Fang Yuan Group, Inc. re. Results of Shareholder Meeting of Shareholders dated July 16, 2020.
7. Exhibit D is a true and correct copy of the Signed Lease with Amendment, Xin Yuan LLC and Fang Yuan Group, Inc. For 625 Washington Street, Weymouth, Massachusetts 02188, dated July 26, 2019.
8. Exhibit E is a true and correct copy of the Fang Yuan Group, Inc. Profits for July, October, November, and December 2020.
9. Exhibit F is a true and correct copy of the Construction Investment Detail for Fang Yuan Group, Inc. For 2018.

10. Exhibit G is a true and correct copy of Ya You's Bank of America Statements, Savings Account ending in 2363 for 2018 to 2020.

11. Exhibit H is a true and correct copy of the overview of Ya You's withdrawals to Fang Yuan Group, Inc. from her Bank of America Savings Account ending in 2363, for 2018 to 2020.

12. Exhibit I is a true and correct copy of the Meeting Notice to Individual Shareholders of Fang Yuan Group, Inc., from Blumsack & Canzano, P.C., on behalf of Ya You on August 25, 2023.

13. Exhibit J is a true and correct copy of the Letter to Manager Zhongyuan Zang of Fang Yuan Group, Inc. Re. Demand for Financial Records, from Blumsack & Canzano, P.C., on behalf of Ya You on August 28, 2023.

14. Exhibit K is a true and correct copy of the Second and Final Notice to Individual Shareholders of Fang Yuan Group, Inc. of Upcoming Shareholder Meeting, from Blumsack & Canzano, P.C., on behalf of Ya You on August 30, 2023.

Signed under the pains and penalties of perjury the date as subscribed below.

Dated: December 21, 2023

/s/ Ya You<br>Ya You

**EXHIBIT LIST**

CASE NAME:        Ya You et al. v. Zhongyuan Zang et. al.

COURT:              United States District Court, District of Massachusetts

**EXHIBITS**

1. <u>Exhibit A:</u> Commonwealth of Massachusetts, Statement of Change of Supplemental Information for Fang Yuan Group, Inc.
2. <u>Exhibit B</u>: Notice of Special Meeting of Shareholders on July 16, 2020, from Fang Yuan Group, Inc.
3. <u>Exhibit C</u>: Memorandum of Fang Yuan Group, Inc. From Secretary to Shareholders of Fang Yuan Group, Inc. re. Results of July 16, 2020, Shareholder Meeting of Shareholders
4. <u>Exhibit D</u>: Signed Lease with Amendment, Xin Yuan LLC and Fang Yuan Group, Inc. For 625 Washington Street, Weymouth, Massachusetts 02188 (Dated July 26, 2019)
5. <u>Exhibit E</u>: Fang Yuan Group, Inc. Profits; July, October, November, and December 2020
6. <u>Exhibit F</u>: Construction Investment Detail, Fang Yuan Group, Inc. (2018)
7. <u>Exhibit G</u>: Bank of America Statements, Ya You Savings Account ending in 2363 (2018 – 2020)
8. <u>Exhibit H</u>: Bank of America Statements Withdrawal Overview, Ya You Savings Account ending in 2363 (2018 – 2020)
9. <u>Exhibit I</u>: Meeting Notice to Individual Shareholders of Fang Yuan Group, Inc., from Blumsack & Canzano, P.C., on behalf of Ya You (Dated August 25, 2023)
10. <u>Exhibit J</u>: Letter to Manager Zhongyuan Zang of Fang Yuan Group, Inc. Re. Demand for Financial Records, from Blumsack & Canzano, P.C., on behalf of Ya You (Dated August 28, 2023)
11. <u>Exhibit K</u>:  Second and Final Notice to Individual Shareholders of Fang Yuan Group, Inc. of Upcoming Shareholder Meeting, from Blumsack & Canzano, P.C., on behalf of Ya You (Dated August 30, 2023)