UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| YA YOU and FANG YUAN GROUP, INC., <br><br> Plaintiffs, <br> v. <br><br> ZHONGYUAN ZANG and XINYI CHEN, <br><br> Defendants. | Case No. 23-cv-13177-JCB |

ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION[1]

October 30, 2024

Boal, M.J.

Plaintiffs Ya You ("You"), and Fang Yuan Group, Inc. have sued Defendants Zhongyuan Zang ("Zang") and Xinyi Chen ("Chen") as a result of a series of business disputes. The complaint asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. Complaint at ¶ 7. However, after reviewing the parties' submissions on this issue, and for the following reasons, this Court finds such jurisdiction lacking.

I.   FACTUAL AND PROCEDURAL BACKGROUND

   A.   The Parties[2]

Fang Yuan Group is a Massachusetts corporation with a principal place of business of 625 Washington Street, Weymouth, Massachusetts. [Docket No. 1 at ¶ 2].

---

[1] On April 25, 2024, the parties consented to the jurisdiction of a magistrate judge for all purposes. [Docket Nos. 40, 42].
[2] The original complaint named two other Defendants -- Qiming Bing ("Bing") and Xingliang Huang ("Huang"). They were dismissed without prejudice by stipulation of the parties pursuant to Fed.R.Civ.P. 41(a)(1)(ii). [Docket Nos. 30, 35].

You is a Chinese citizen who currently resides in Guangzhou City, Guangdong Province, China.[3]  [*Id*. at ¶ 11].  According to the Defendants, at the time You filed this action, she was attending school in the United States pursuant to a student visa and was residing at 112 Water Street, 3rd Floor, Boston, MA.  [Docket No. 20 at Counterclaim ¶¶ 2, 10].  At the time of the filing of the complaint, You was a 40.31 % shareholder in Fang Yuan Group.  [Docket No. 1 at ¶ 12].

Zang is a United States citizen and resides at 85 Essex Street, Weymouth, MA.  [Docket No. 20 at Counterclaim ¶¶ 1, 14].  At the time of the filing of the complaint, Zang was a 28.4% shareholder in Fang Yuan Group.  [Docket No. 1 at ¶ 13].   He was also the president, treasurer and secretary of the corporation.  [*Id*.].

Chen is a Chinese citizen who has permanent residence status in the United States.  [*Id*. at Counterclaim ¶13].  She resides at 947 Boylston Street, Newton, MA.  [Docket No. 49].  At the time of the filing of the complaint, Chen was a 3.58% shareholder of the corporation[4].  [Docket No. 1 at ¶ 15].

---

[3] As proof of her current residence in China, You submitted a Chinese identity card and driver's license. [Docket No. 50-2 at 2, 5].  Defendants challenge the authenticity of the documents and the qualification of the translator.  [*Id*. at 7].  However, citizenship is determined at the time of the filing of the complaint and, for purposes of diversity jurisdiction, regardless of her place of residence, You is considered a Chinese citizen.  Accordingly, the documents are not material to this Court's decision.

[4] Huang and Bing are also shareholders of Fang Yuan Group.  [Docket No. 20 at Counterclaim ¶¶ 8, 45, 78].  Chen and Huang were married but have divorced.  However, at the time of the divorce, Chen conveyed her shares to Huang and, therefore, is no longer a shareholder.  [*Id*. at ¶ 81].  The parties do not address whether the Court should consider Huang and Bing's citizenship status in resolving the issue of its subject matter jurisdiction.  Given that the Court finds that based on Chen's Chinese citizenship it lacks subject matter jurisdiction, it need not resolve this issue.  Nonetheless, the Court notes that based on the pleadings and the parties' submissions, it appears that both Huang and Bing are Chinese citizens whose inclusion in the suit at the time of filing would also defeat the Court's subject matter jurisdiction.

B.     Procedural Background

You and Fang Yuan Group sued Zang and Chen seeking an inspection of corporate records pursuant to M.G.L. c. 156D, § 16.04 (Count I), and an accounting (Count VI). The plaintiffs also bring claims against Zang for breach of fiduciary duty (Count II), interference with contractual relations (Count III), unjust enrichment (Count IV), and negligence (Count V). The Plaintiffs have asserted diversity jurisdiction as the basis for the Court's jurisdiction over this action. Complaint at ¶ 7. On March 1, 2024, Defendant Zang filed an answer and counterclaim. [Docket No. 20]. On March 18, 2024, Defendant Chen filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Docket No. 27].

Although no party objected to the Court's exercise of jurisdiction, it appeared from the face of the complaint that complete diversity between the Plaintiffs and Defendants was lacking. Therefore, on May 22, 2024, this Court ordered the Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction. [Docket No. 47]. *See Smith v. Krupp,* 646 F. Supp. 3d 193, 200 (D. Mass. 2022), *aff'd*, No. 23-1004, 2023 WL 9067269 (1st Cir. Aug. 21, 2023) (federal district court has an independent obligation sua sponte to inquire into its own subject matter jurisdiction, and, if at any time the court determines subject matter jurisdiction is lacking, the action must be dismissed).

In response, Defendants argue that because Zang and Fang Yuan Group are citizens of Massachusetts, this action must be dismissed for lack of subject matter jurisdiction. Defendants also argue that diversity jurisdiction is defeated because both You and Chen are Chinese citizens.

In her response, You acknowledges that Fang Yuan Group's presence could defeat diversity jurisdiction. [Docket No. 50 at 4.]. However, she asserts that the corporation's claims are derivative of hers. Therefore, she seeks to dismiss the corporation from the case to preserve

3

this Court's subject matter jurisdiction.  As to Chen, You argues that because Chen is a legal permanent resident of the United States, she is deemed a United States citizen, domiciled in Massachusetts.  Therefore, her presence does not defeat diversity jurisdiction, assuming the dismissal of Fang Yuan Group.

II.	ANALYSIS

    A.	Applicable Law

Federal courts are courts of limited jurisdiction.  *Picciotto v. Continental Cas. Co.*, 512 F.3d 9, 17 (1st Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Pursuant to Article III of the United States Constitution, federal court jurisdiction is authorized for suits between citizens of different states.  U.S. Const. art III § 2, cl. 1.  The statutory authorization for such jurisdiction is as follows:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
>     (1) citizens of different States;
>
>     (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]

28 U.S.C. § 1332.

For diversity jurisdiction to exist, there must be complete diversity.  *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).  In other words, no plaintiff may be a citizen of the same state as any of the defendants.  *BRT Mgmt. LLC v. Malden Storage LLC*, 68 F.4th 691, 695 (1st Cir. 2023).

Various rules determine the citizenship of individuals and corporations.  For example, an individual is deemed to be a citizen of the state where that person is domiciled.  *Dee v. Chelsea Jewish N. Shore Assisted Living, Inc.*, 585 F. Supp. 3d 119, 122–23 (D. Mass. 2022) (internal citations and citation to quoted case omitted).  A person may have only one domicile and therefore may be a person of only one state for purposes of diversity jurisdiction.  *Steigleder v. McQuesten*, 198 U.S. 141(1905) (distinguishing residence from domicile); *Williamson v. Osenton*, 232 U.S. 619 (1914).  A corporation is a citizen of both any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).

Diversity is determined at the time the action is filed.  *See, e.g., Melendez-Garcia v. Sanchez,* 629 F.3d 25, 41 (1st Cir. 2010).  A change in citizenship after the filing of the complaint does not cure the original absence of diversity.  *Grupo Dataflux v. Atlas Global Group L.P.*, 541 U.S. 567 (2004).  The party that invokes federal court jurisdiction has the burden of proving by a preponderance of the evidence the facts supporting jurisdiction.  *BRT Mgmt. LLC*, 68 F.4th at 695.

B.     This Court Lacks Subject Matter Jurisdiction

Because it is clear from the face of the complaint that the amount in controversy exceeds $75,000, the question of whether this Court has jurisdiction over this matter turns on the citizenship of the parties.

Here, the Plaintiffs are citizens of Massachusetts and China. It is undisputed that Fang Yuan Group is a Massachusetts corporation with a principal place of business in Massachusetts and therefore, a Massachusetts citizen. [Docket No. 1 at ¶ 2; Docket No. 20 at ¶ 2; Docket No. 53 at 1].  It is also undisputed that You is a citizen of China. [Docket No. 1 at ¶¶ 1, 11; Docket No. 53 at 1].

5

The Defendants are also citizens of Massachusetts and China. It is undisputed that Zang is a United States citizen living in Massachusetts. [Docket No. 20 at ¶¶ 1, 14]. At the time this action was filed, Chen was a legal permanent resident of the United States living in Massachusetts; Chen was also a Chinese citizen. [Docket No. 20 at ¶ 13; Docket No. 53 at 1]. While for purposes of section 1332 Chen is considered domiciled in Massachusetts at the time suit was filed, for citizenship purposes, she is considered a Chinese national. *Tagger v. Strauss Group Ltd.,* 951 F.3d 124 (2d Cir. 2020) (a foreign citizen who is a permanent resident of the United States is an alien for purposes of diversity jurisdiction).

It is undisputed that the presence of Fang Yuan Corp as a Massachusetts citizen defeats diversity jurisdiction because defendant Zang is also a Massachusetts citizen. To remedy this defect, You proposes to dismiss Fang Yuan Group.[5] However, such dismissal would not fix the jurisdictional defect because the result would still be a foreign national versus a foreign national. The presence of *any* aliens on both sides of a litigation defeats diversity jurisdiction. *See Tagger,* 951 F.3d at 127; *see also In re DePuy Orthopaedics, Inc. ASR Hip Implant Prod. Liab. Litig.*, 953 F.3d 890, 894-95 (6th Cir. 2020); *Phoenix Trading FZCO v. Dennis Corp.*, No. 4:22-CV-02355-RBH, 2022 WL 18674462, at *2 (D.S.C. Aug. 29, 2022) (diversity is absent because plaintiffs are aliens while defendants are a mixture of citizens and aliens); *Jiuna Wang v. NYZ Mgmt. Servs., LLC*, No. 3:19-CV-00642-FDW-DSC, 2020 WL 2926477, at *3 (W.D.N.C. June 3, 2020) (district courts do not have subject matter jurisdiction over cases with permanent

---

[5] Defendants assert that Plaintiffs have offered to dismiss Chen. [Docket No. 53 at 1]. However, You makes no such offer in her memorandum regarding jurisdiction. Rather, she argues that jurisdiction is appropriate because Chen should be considered a citizen of Massachusetts. [Docket No. 50 at 5-6].

resident aliens or non-resident aliens on both sides of the suit).[6] Because both You and Chen are aliens for purposes of diversity jurisdiction[7], the Court lacks subject matter jurisdiction.

III. ORDER

For the foregoing reasons, this case is dismissed for lack of subject matter jurisdiction.

        /s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE

---

[6] It appears that You only asserts jurisdiction on the basis of 28 U.S.C. § 1332(a)(2). [Docket No. 50 at 5]. Even if she had asserted jurisdiction under 28 U.S.C. § 1332(a)(3), such claim would fail. Section 1332(a)(3) grants federal courts jurisdiction over civil actions between "citizens of different States" even where "citizens of subjects of a foreign state are additional parties." Moreover, "if citizens of different states are on both sides of a dispute, most courts hold that § 1332(a)(3) even permits foreign citizens to join as additional parties on both sides." *In re DePuy Orthopaedics*, 953 F.3d at 894. In *Auctus Fund, LLC v. Drone Guarder, Inc.,* 588 F. Supp. 3d 177, 179 (D. Mass. 2022), Judge Young discussed in detail the circumstances under which federal courts have jurisdiction over cases involving aliens on both sides of a dispute. Judge Young held that the court had subject matter jurisdiction in *Auctus* despite the presence of both foreign citizen plaintiffs and defendants because there were citizens of different states on both sides of the dispute. However, had there been, such as in this case, citizens of the same state on both sides of the dispute, or only alien(s) on one side of the suit and alien(s) and citizen(s) of a state on the other, the court would not have had subject matter jurisdiction. *Id.* Given the posture of this case (aliens on both sides of the dispute without citizens of *different* states on *both* sides), You may not invoke section 1332(a)(3) to establish jurisdiction.

[7] You appears to argue without supporting authority that Chen, due to her permanent residence status should be deemed a citizen of the United States. [Docket No. 50 at 6]. This argument appears to be based on an outdated version of section 1332(a). In 2011, section 1332(a)(2) was amended to state that "the district courts shall not have original jurisdiction . . . of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." 28 U.S.C. § 1332(a)(2)(emphasis added). *Tagger*, 951 F.3d at 125. In other words, the amendment clarified that district courts do not have subject matter jurisdiction over cases with permanent resident aliens or non-resident aliens on both sides of the suit. *Id.* ("[W]e hold that [§] 1332(a)(2) does not confer diversity jurisdiction where a permanent resident alien sues a non-resident alien . . .").

7